UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80988-CIV-HURLEY/WHITE

ANTHONY LINDSEY,
    Petitioner,

vs.

UNITED STATES OF AMERICA,
    Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR
CERTIFICATE OF APPEALABILITY**

On November 15, 2004, petitioner was convicted of possession of a firearm as a convicted felon (Count 1) and possession of ammunition as a convicted felon (Count 2). Before sentencing, the probation office prepared a Presentence Investigation Report (PSR) indicating that petitioner was subject to enhanced sentence under the Armed Career Criminal Act of 1984 (ACAA) because he had five prior violent felony convictions, to wit: (1) 10-24-1978 state court conviction for aggravated battery, Case No. 78-6356MMA06; (2) 9-24-79 state court conviction for aggravated assault, Case No. 79-73; (3) 11-16-84 conviction for bank robbery, Case No. 84-8050-Cr-Paine; (4) 1-29-85 conviction for robbery with a firearm, Case No. 84-4739CFA02, and (5) 3-16-92 conviction for carrying a concealed firearm, Case No. 92-188CFA02.

The court adopted the PSR's findings and guideline applications and on February 23, 2005, sentenced petitioner to 300 months of imprisonment, five years' supervised release and a $100.00 special assessment. [Case 04-CR-80023-DE 93]. On March 27, 2007, the Eleventh Circuit issued a published opinion affirming petitioner's conviction and sentence on direct appeal. *United States*

*v Lindsey*, 482 F.3d 1285 (11th Cir. 2007), *cert. den.*, 126 S. Ct. 438 (2007). His conviction and sentence became final on October 15, 2007, the date the United States Supreme Court denied his petition for writ of certioriari.

On August 29, 2008, Petitioner filed a *pro se* motion under 28 U.S.C. § 2255 to vacate his sentence, alleging, *inter alia*, as "ground seven," that "possession of a firearm is not a violent offense," and that his conviction under 18 U. S. C. §924(c) is therefore "unconstitutional and improper," which the court interprets as a due process challenge to his conviction and sentence on ground that the ACCA enhancement was improper because one of the predicate convictions does not qualify as a "violent felony." He also asserted that his trial and appellate counsel were ineffective in not challenging the use of his concealed firearm conviction as a predicate for the ACAA enhancement. [DE# 1] On November 26, 2008, petitioner filed a supplemental pleading regarding his ACAA challenge, citing intervening case law issued by the United States Supreme Court and Eleventh Circuit, *Begay v Untied* States, 128 S. Ct. 1581 (2008) and *United States v Archer*, 531 F.3d 1347 (11th Cir. 2008). [DE# 18] On December 29, 2008, petitioner filed, with leave of court, another supplemental pleading that expanded his challenge to the ACCA enhancement, citing *Begay* and *Archer* to raise a jurisdictional challenge to his sentence under the ACCA, and Eighth Amendment challenge to his sentence under the ACCA, and an actual innocence/miscarriage of justice argument regarding the ACCA. [DE# 22]

On November 16, 2009, the Court denied the petitioner's petition for writ of habeas corpus pursuant to §2255 [DE# 41], adopting the report and recommendation of Magistrate Judge Patrick White [DE# 39]. Petitioner now moves for issuance of a certificate of appealability, renewing his contention that the court committed constitutional error in sentencing him under the ACCA, and that

his counsel rendered ineffective assistance in failing to challenge the ACCA enhancement.

Under 28 U.S.C. §2253(c)(2), a federal court may grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." When a district court has rejected a constitutional claim on its merits, this standard requires petitioner to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604, 146 L.Ed.2d 542 (U.S. 2000); *Franklin v Hightower,* 215 F.3d 1196 (U.S. 2000).

In light of *Hunter v. United States,* 559 F.3d 1188 (11th Cir. 2009), *certiorari granted and judgment vacated* for reconsideration in light of position asserted by Solicitor General by *Hunter v United States*, ___ S. Ct. ___, 2010 WL 154867, 78 USLW 3065, (Jan. 19, 2010), and Brief for the United States, *Hunter v United States*, 2009 WL 4099534 (November 25, 2009), this court concludes that petitioner states a debatable due process constitutional claim where he contends that he has been sentenced to a term of imprisonment that exceeds the maximum term authorized for his offense based on a pure legal error that has been exposed as incorrect by intervening decisions of the United States Supreme Court and Eleventh Circuit Court of Appeals.

Observing that the government, in its response to petitioner's §2255 motion, submits that *Begay* is a substantive sentencing rule that is retroactively applicable on collateral review in ACCA cases under *Teague v Lane*, 489 U.S. 288 (1989) because it has nothing to do with the procedures used in determining whether a prior offense qualifies as an ACCA predicate, but instead defines, as a substantive matter, the scope of the statute [Response of United States; DE# 31, pp. 29-30], and that there is at least a debatable issue as to whether petitioner was prejudiced by court's inclusion of his prior conviction for carrying a concealed firearm as a predicate offense in its

3

calculation of the ACCA enhancement,[1] the court has determined to grant the motion for certificate of appealability on the limited issue of whether this court violated petitioner's Fifth Amendment due process rights when it sentenced him as an armed career criminal offender under the ACCA in reliance on his conviction for carrying a concealed firearm as a predicate offense.

It is accordingly **ORDERED and ADJUDGED:**

1. The petitioner's Notice of Appeal and Motion for Certificate of Appealability [DE#

---

[1]The Magistrate Judge's report and recommendation on the § 2255 petition, previously adopted by this court, did not distinctly address the petitioner's due process challenge to the court's use of petitioner's prior concealed weapons conviction as a predicate offense for the ACCA application, even though the petitioner's original § 2255 petition does specifically challenge his conviction as unconstitutional based on the court's alleged sentencing error in this regard – independent of the ineffective assistance of counsel claim attendant to counsel's failure to challenge this aspect of the ACCA calculation.

It is this distinct and limited challenge to the court's alleged constitutional error, effectively a Fifth Amendment due process claim, on which the court now grants a certificate of appealability.

In certifying this limited issue, the court notes that inclusion of the conviction for carrying a concealed firearm charge in the calculation of petitioner's armed career criminal status, if erroneous under *Begay,* was potentially prejudicial to the petitioner because without it, he is left with only y two other qualifying predicate offenses--the 11-16-84 conviction for bank robbery in Case 84-8050-CR-Paine and the 1-29-85 conviction for robbery with a firearm in Case 84-4739CFA02.

The petitioner's 10-24-78 aggravated battery conviction (Case No. 78-6356MMA06), does not qualify as a violent felony for ACCA purposes because it is a misdemeanor, a point conceded by the government in its response to Lindsey's §2255 petition. ["The 1978 aggravated battery conviction, however, does not appear to be a qualifying predicate felony conviction. Based on information from U.S. Probation Office Chief Virginia Cataldo from West Palm Beach Florida, Lindsey's charge of aggravated battery arrest was transferred to county court where it was reduced to simple battery and given a misdemeanor docket number." ][Government Answer to Petitioner's 2255 Motion; DE# 31, page 72]

The petitioner's aggravated assault conviction (Case No. 79-73) does not qualify because petitioner adequately established that it was an uncounseled conviction, as previously noted in the Magistrate Judge's report and recommendation on the § 2255 petition. [DE# 37][DE # 39, p. 34].

Thus, if petitioner's conviction for carrying a concealed firearm in Case 92-188CFA02 – the subject of the instant COA – were eliminated as a predicate offense, his criminal history includes only two qualifying ACCA convictions, the 11-16-84 conviction for bank robbery in Case 84-8050-CR-Paine and the 1-29-85 conviction for robbery with a firearm in Case 84-4739CFA02.

44, 45, 46 and 47] is **GRANTED** on the issues of: (1) whether, under *Slack,* petitioner raises a debatable constitutional question that is cognizable on collateral review under §2255, and if so, (2) whether petitioner is entitled to relief as a statutory matter in light of *Begay v United States*, 553 U.S. 137 (2008), *United States v Archer*, 531 F.3d 1347 (11th Cir. 2008) and *United States v Canty*, 570 F.3d 1251 (11th Cir. 2009)(carrying a concealed weapon is not a "violent felony" under the ACCA).

2. The petitioner's motion to proceed *in forma pauperis* on appeal [DE# 50] is **GRANTED.**

**DONE and SIGNED** in Chambers at West Palm Beach, Florida this 11th day of February 2010.

_____
Daniel T. K. Hurley
United States District Judge

copies provided to:

Anthony Lindsey, *pro se*
Reg. No. 18682-004
FCC Coleman-Medium (B-2)
PO Box 1032
Coleman, FL 33521-1032

Anne Ruth Schultz, AUSA
Janice Le Clainche, AUSA